UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Richard Lane,

Richard Palmer, and

Lea Sutherland-Doane,

as Adm. Estate of David Sutherland,

    Plaintiffs

v.                                            New Civil Action

United States of America

Philip Powell, and

F/V Foxy Lady

    Defendants

PLAINTIFFS' COMPLAINT AND JURY TRIAL DEMAND

I. JURISDICTION

1. This court has subject matter jurisdiction in this case pursuant to the General Maritime Law, the Death on the High Seas Act (DOHSA), 46 U.S.C 30301et. seq. , The Public Vessels Act (PVA), 46 U.S.C 31101, et. seq., and the Suits in Admiralty Act (SAA), 46 U.S.C. 30901, et. seq.

2. This Court has personal jurisdiction over all parties hereto.

II. PARTIES

3. The Plaintiff, Richard Palmer (hereinafter "Palmer", is an individual who resides in Gorham Maine, USA

4. The Plaintiff, Richard Lane (hereinafter "Lane"), is an individual residing in Gloucester Massachusetts.

5. The plaintiff, Lea Sutherland-Doane is the legally appointed representative of the Estate of David Sutherland (hereinafter "Sutherland").

6. The defendant United States of America (hereinafter "USA") is a sovereign nation.

7. The defendant Phillip Powell is an individual residing in Swampscott, Massachusetts.

8. The F/V FOXY LADY is a commercial fishing vessel owned and operated by defendant Phillip Powell.

### III. FACTS

6. At all times relevant hereto, plaintiffs Palmer, Lane and Sutherland were merchant mariners working as crew members aboard the F/V ORIN C.

7. On December 3, 2015, at approximately 0800, the F/V ORIN C. began to experience mechanical problems with the main engine, and it was shut down.

8. Powerless, Sutherland radioed the captain of the Foxy Lady, seeking assistance.

9. The captain the FOXY LADY notified the United States Coast Guard (hereinafter "USCG") that the ORIN C had lost power and that it was going assist it. The USCG began to monitor communications between FOXY LADY and the ORIN C.

10. Upon reaching the ORIN C, the FOXY LADY attached a 200-foot towline to the bow of the ORIN C, and began to tell the vessel back to shore. THE ORIN C crew members remained aboard the vessel.

11. The towline was inadequate for the sea and wind conditions.

12. The FOXY LADY towed the vessel at an excessive rate of speed.

13. The inadequate towline, coupled with the unreasonably fast tow speed led to extensive damage to the ORIN C.

14. The towline parted several times during the voyage. Each time it had to be reconnected, thereby shortening each successive towline.

15. Throughout this time, the USCG was monitoring the interaction between the FOXY LADY and the ORIN C.

16. Despite its knowledge that sea and wind conditions were poor and deteriorating, and that the towline was woefully inadequate, the USCG, from 0800 to 1452 dispatched no vessel to aid in the rescue of the ORIN C and its crew.

17. At 1447, as a result of the unsafe tow, the ORIN C became badly damaged, and began to take on water.

18. AT 1452, the USCG finally dispatched a rescue vessel.

19. For the next two hours the ORIN C's physical condition continued to deteriorate, and the vessel was taking on water.

20. At 1629, the USCG vessel arrived on scene.

21. THE USCG provided the crew of the ORIN C with a dewatering pump.

22. The dewatering pump failed to work properly, and the ORIN C. was unable to pump out the water that it had taken on.

28. At 1810, a 800 foot towline was attached from the USCG vessel to the ORIN C, and a tow was commenced.

29. The captain of the ORIN C. reported to the USCG that the pump was not working and the vessel was increasingly unsafe.

30. At approximately 1959, the USCG, instructed the crew of the ORIN C. to put their survival suits on and enter the water where they were to be rescued by the USCG vessel.

31. All 3 crewmembers entered the water. Lane and Palmer were successfully rescued. Sutherland drowned.

32. Sutherland was brought aboard the vessel, but CPR attempts failed.

33. The USCG vessel lacked a defibrillator, and adequately trained personnel capable of addressing the medical emergency involving Sutherland.

34. Although surviving, Palmer and Lane sustained injuries during the course of the rescue.

COUNT I: Negligence against Richard Powell and the F/V Foxy Lady (Sutherland)

35. The plaintiff restates and reavers paragraphs 1 through 34 hereof as if specifically set forth herein.

36. At all times relevant hereto, the defendants Richard Powell and the F/V FOXY LADY had a duty to use reasonable care once it had commenced its efforts to assist the disabled ORIN C.

37. The defendants breached this duty in the following manners:

    a. By utilizing an inadequate tow line in the rescue of the ORIN C.

    b. By proceeding at an excessive speed with the ORIN C in tow.

    c. By failing to notify the USCG that it lacked the appropriate equipment and navigational skills to safely tow the ORIN C to shore.

    d. By unreasonably delaying seeking the assistance of the USCG in assisting the disabled ORIN C.

    e. In other manners as will be demonstrated at trial.

38. The defendants' breach of its duties as set forth above the proximate cause of the injuries sustained by the plaintiff.

39. As a result of such breach, the plaintiff died.

WHEREFORE, the plaintiff, Sutherland, demands judgment against the defendants Philip Powell and F/V FOXY LADY for all damages allowable under common law and by statute.

COUNT II: Negligence against Richard Powell and the F/V Foxy Lady (Lane)

40. The plaintiff restates and reavers paragraphs 1 through 34 here of as if specifically set forth herein.

41 At all times relevant hereto, the defendants Richard Powell and the F/V FOXY LADY had a duty to use reasonable care once it had commenced its efforts to assist the disabled ORIN C.

42. The defendants breached this duty in the following manners:

    a. By utilizing an inadequate tow line in the rescue of the ORIN C.

    b. By proceeding at an excessive speed with the ORIN C in tow.

    c. By failing to notify the USCG that it lacked the appropriate equipment and navigational skills to safely tow the ORIN C to shore.

    d. By unreasonably delaying seeking the assistance of the USCG in assisting the disabled ORIN C.

    e. In other manners as will be demonstrated at trial.

43. The defendants breach of its duties as set forth above the proximate cause of the injuries sustained by the plaintiff.

44. As a result of such breach, the plaintiff sustained severe injuries.

WHEREFORE, the plaintiff, Lane demands judgment against defendants Philip Powell and F/V FOXY LADY for all damages allowable under common law and by statute.

COUNT III: Negligence against Richard Powell and the F/V Foxy Lady (Palmer)

45. The plaintiff restates and reavers paragraphs 1 through 34 here of as if specifically set forth herein.

46. At all times relevant hereto, the defendants Richard Powell and the F/V FOXY LADY had a duty to use reasonable care once it had commenced its efforts to assist the disabled ORIN C.

47. The defendants breached this duty in the following manners:

    a. By utilizing an inadequate tow line in the rescue of the ORIN C.

    b. By proceeding at an excessive speed with the ORIN C in tow.

 c. By failing to notify the USCG that it lacked the appropriate equipment and navigational skills to safely tow the ORIN C to shore.

 d. By unreasonably delaying seeking the assistance of the USCG in assisting the disabled ORIN C.

 e. In other manners as will be demonstrated at trial.

48. The defendant's breach of its duties as set forth above the proximate cause of the injuries sustained by the plaintiff.

49. As a result of such breach, the plaintiff sustained severe injuries.

WHEREFORE, the plaintiff, Palmer, demands judgment against defendants Philip Powell and F/V FOXY LADY for all damages allowable under common law and by statute.

### COUNT IV. Negligence against USA (Sutherland)

50. The plaintiff restates and reavers paragraphs 1 through 34 here of as if specifically set forth herein.

51. At all times relevant hereto, the USA had a duty to use reasonable care once it had commenced its efforts to assist the disabled ORIN C.

52. The defendant breached that duty in the following manners.

 a. By unreasonably delaying in commencing its efforts to assist the disabled vessel.

 b. By utilizing a defective dewatering pump in attempting to aid the vessel.

 c. By having inadequately trained personnel aboard its rescue vessel.

 d. By failing to carry the necessary and appropriate medical equipment and devices aboard its vessel.

 e. By failing to extract the men from the vessel sooner.

 f. In other manners that shall be demonstrated at trial.

53. The defendant's breach of its duties as set forth above the proximate cause of the injuries sustained by the plaintiff.

54. As a result of such breach, the plaintiff died.

WHEREFORE, the plaintiff, Sutherland demands judgment against defendant USA for all damages allowable under common law and by statute.

### COUNT VI. Negligence against USA (Lane)

55. The plaintiff restates and reavers paragraphs 1 through 34 here of as if specifically set forth herein.

56. At all times relevant hereto, the USA had a duty to use reasonable care once it had commenced its efforts to assist the disabled ORIN C.

57. The defendant breached that duty in the following manners.

    a. By unreasonably delaying in commencing its efforts to assist the disabled vessel.

    b. By utilizing a defective dewatering pump in attempting to aid the vessel.

    c. By failing to extract the men from the vessel sooner.

    d. In other manners that shall be demonstrated at trial.

58. The defendant's breach of its duties as set forth above the proximate cause of the injuries sustained by the plaintiff.

59. As a result of such breach, the plaintiff was severely injured.

WHEREFORE, the plaintiff, Lane, demands judgment against defendant USA for all damages allowable under common law and by statute.

### COUNT VI. Negligence against USA (Palmer)

60. The plaintiff restates and reavers paragraphs 1 through 34 here of as if specifically set forth herein.

61. At all times relevant hereto, the USA had a duty to use reasonable care once it had commenced its efforts to assist the disabled ORIN C.

62. The defendant breached that duty in the following manners.

    a. By unreasonably delaying in commencing its efforts to assist the disabled vessel.

    b. By utilizing a defective dewatering pump in attempting to aid the vessel.

    c. By failing to extract the men from the vessel sooner.

    d. In other manners that shall be demonstrated at trial.

63. The defendant's breach of its duties as set forth above the proximate cause of the injuries sustained by the plaintiff.

64. As a result of such breach, the plaintiff was severely injured.

WHEREFORE, the plaintiff, Palmer, demands judgment against defendant USA for all damages allowable under common law and by statute.

THE PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES.

          Plaintiffs,
          By their attorney,

          *s* Brian S. McCormick, Esq.
          BBO #550533
          Orlando & Associates
          One Western Avenue
          Gloucester, MA 01930
          978-283-8100

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies those indicated as non registered participants on November 30, 2017

          *s* Brian S. McCormick, Esq.
          BRIAN S. MCCORMICK, ESQ.