UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Travis Lane, )<br>Richard Palmer, and )<br>Lea Sutherland-Doane, )<br>as Adm. Estate of David Sutherland, )<br>    Plaintiffs )<br>v. )<br> )<br>United States of America )<br>Philip Powell, and )<br>F/V Foxy Lady, )<br>    Defendants ) | Civil Action No. 1:17 CV 12356-PBS |

## PLAINTIFFS' EMERGENCY MOTION FOR SANCTIONS AGAINST THE DEFENDANT PHILIP POWELL FOR WITNESS TAMPERING & INTIMIDATION AS TO PLAINIFFS' EXPERT, THOMAS CIARAMETARO

NOW COME the Plaintiffs in this Motion for Sanctions against the Defendant, Philip Powell for witness tampering and intimidation as to the Plaintiffs' expert, Thomas Ciarametaro of Five Fathoms Consulting, LLC. It has come to the attention of the undersigned that there has been an attempt to obstruct justice in this Federal Court Civil Action by intimidating the Plaintiff's expert witness with threat of termination from his position as the Harbormaster for the City of Gloucester, Massachusetts. The significance of this issue cannot be understated.

1. At the outset of our representation of the Plaintiffs, the Mayor of the City of Gloucester, contacted Joseph M. Orlando, Esq. to urge him NOT to bring an action against Philip Powell or the F/V Foxy Lady (Affidavit of Joseph M. Orlando, Ex. A);

2. At all relevant times to this motion, Thomas Ciarametaro of Five Fathoms Consulting, LLC has been the appointed Harbormaster of the City of Gloucester, Massachusetts, pursuant to G.L. 102, § 19 and a Coast Guard reservist (Ciarametaro's CV, Ex. B);

3. Prior to retaining Mr. Ciarametaro as the Plaintiffs' expert, Mr. Ciarametaro checked with the Gloucester City Solicitor and the State Ethics Commission for any conflicts of interest in testifying in the case at bar. None existed. (Affidavit of Ciarametaro, Ex. C);

4. Since Mr. Ciarametaro appeared at an inspection of the F/V Foxy Lady in 2018, counsel for the Defendant has been threatening to move to strike him as the Plaintiffs' expert witness, but hasn't done so[1] (See 4.8.2020 email from Attorney Gillis, Ex. D);

5. Attorney Gillis's email states, in no uncertain terms, that he believes that his client, a party in a pending action before the U.S.D.C., has the right to petition the Plaintiffs' expert's boss <u>to terminate him</u> for testifying, simply because Mr. Ciarametaro's boss is the Mayor of Gloucester;

6. On or about April 7, 2020, the undersigned received a call from Liam O'Connell, Esq., counsel for Thomas Ciarametaro, advising that his client had been threatened with termination by the Mayor of Gloucester, the Honorable Sefatia Romeo Theken and the Gloucester City Solicitor, Charles Payson, Esq. for Mr. Ciarametaro's role as the Plaintiffs' expert in the case at bar;

7. The Mayor, through her Chief Administrative Officer, James Destino and the City Solicitor, advised Mr. Ciarametaro that his role as an expert mariner in this case raises questions as to his fitness for the job of Harbormaster of the City of Gloucester (Emails from Theken & Payson to Ciarametaro, Ex. E);

8. It was also implied and/or directly stated that if he should testify on behalf of the Plaintiffs at trial, that he will not have a job as the Harbormaster thereafter;

9. The rationale provided by the City Administration was that "local fishermen" would "lose their trust" in Mr. Ciarametaro if he testifies against one of them;

---

[1] No motion has been filed to date because Ciarametaro is qualified and has no conflicts.

10. Philip Powell through his attorney has repeated several times their frustration with the Plaintiffs' expert as he is the current Harbormaster in the Port of Gloucester[2];

11. Despite complaining about an alleged conflict of interests, Powell and the Foxy Lady have not moved to strike Ciarametaro[3];

12. It is clear from the record, that since losing on summary judgment only weeks ago, and with a trial date looming, that the City of Gloucester's administration is attempting to intimidate the Plaintiffs' Expert on behalf of the Defendant, Philip Powell.

Based on the foregoing, the Plaintiffs request that this Honorable Court Sanction the Defendant for violation of 18 USCS § 1512 (witness intimidation statute) as follows:

1. Monetary Sanctions to pay the entirety of the Plaintiffs' legal expenses in this case, $28,856.04 (See Expense Ledger attached, Ex. F);

2. Judgment to enter on the issues of liability and causation against the Defendants, Powell and the F/V Foxy Lady, leaving only the issue of damages to be determined by the Court at trial;

3. Referral of the matter to the Department of Justice for investigation of the violations of various criminal statutes; and

4. In the alternative, any sanction that the Court deems appropriate in the Court's discretion.

Plaintiffs,
By their attorney,

/s/Joseph M. Orlando, Jr., Esq.
Joseph M. Orlando, Jr., Esq.

---

[2] Never once have they cited an actual conflict of interest or legal authority precluding him from testifying.
[3] The proper procedure for contesting an expert is to seek Court intervention, not seek to have him terminated.

BBO# 680995
Orlando & Associates
One Western Avenue
Gloucester, MA 01930
Ph. (978) 283-8100
Fx. (978) 283-8507
Jmorlandojr@orlandoassociates.com

Certificate of Service

I, Joseph M. Orlando, Jr., Esq. hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to counsel for each party on April 9, 2020.

/s/ Joseph M. Orlando, Jr., Esq.
Joseph M. Orlando, Jr., Esq.