# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD LANE,<br>RICHARD PALMER,<br>and LEA SUTHERLAND-DOANE,<br>as ADMIN. ESTATE OF<br>DAVID SUTHERLAND,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>PHILIP POWELL, and<br>F/V FOXY LADY,<br>    Defendants. | CIVIL ACTION NO.: 1:17-CV-12356-PBS |

## OPPOSITION OF DEFENDANTS, PHILIP POWELL AND F/V FOXY LADY, TO PLAINTIFFS' EMERGENCY MOTIONS FOR SANCTIONS

Now come defendants, Philip Powell ("Powell"), and the F/V Foxy Lady (the "Foxy Lady"), by and through counsel, and oppose Plaintiffs' so-called 'emergency' motion for sanctions **(Dkt. No. 118.)**

## Preliminary Statement

First, there is no emergency.

Second, if there is one, it was entirely manufactured by Defendants' counsel, Joseph M. Orlando, Jr. ("Attorney Orlando"), and his liability expert, Thomas P. Ciarametaro ("Ciarametaro"), to save face, save the expert's job as harbormaster in Gloucester, and confuse people into thinking they and their clients are victims of unfair political retribution and witness intimidation.

Third, Attorney Orlando's emergency motion for sanctions is dishonest, deceitful,

1

and uninformed.[1] The emergency motion and memorandum, and the supplemental memorandum filed a day later, are a disgrace to the judicial process as they are crammed full of speculation-fueled, baseless conclusions and simple inaccuracies.

Had not Attorney Orlando cancelled the mandatory LR 7.1 conference that he and the undersigned had scheduled about the very subject of his motion, he would have learned the facts and might have chosen to avoid all the drama. But that is not his style – drama and manufactured crises are *the point*.

**The Gist of Attorney Orlando's Manufactured Emergency**

Attorney Orlando is apoplectic (or so he would like us to think) because he claims that Powell is tampering with a witness in this case. Specifically, Attorney Orlando asserts that Powell is trying to intimidate Ciarametaro into withdrawing from the case or risk getting fired by the Mayor of Gloucester from his job as the city's harbormaster. This assertion, of course, is sheer nonsense. Would that we all had the clout to ring up city hall and orchestrate such Machiavellian power.

Attorney Orlando has also incorrectly accused a local fishing-related advocacy group of being Powell's insurer and thus his accusations about the group and its leaders are equally meritless, baseless and untrue. The people who head this group are, of

---

1 Deception appears to be the firm's modus operandi. It should be noted that in a legal malpractice case brought against Orlando & Associates, the Massachusetts Appeals Court recently credited a former client's theory of his case that the attorneys intentionally forced a settlement of the injured man's claims to avoid the exposure of their negligence. According to the court, as a result of their unfair and deceptive conduct, the attorneys allegedly deprived the client of a trial on these claims, which the court referred to as unfair and deceptive conduct. *Marston v. Orlando*, 95 Mass. App. Ct. 526, fn. 28 (2019) (483 Mass. 1102, further appellate rev. denied.)

course perfectly entitled under the U.S. Constitution to petition their government about matters of public concern.

**The Truth**

Powell has never communicated, either directly or indirectly, with Gloucester Mayor Sefatia Romeo Theken (the "Mayor") or any person in her administration about the case, about any event giving rise to the case, or about Ciarametaro.  ***(See Exhibit A; Affidavit of Philip Powell, para. 8.)***  He has never attempted to get Ciarametaro fired from his job as harbormaster.  ***(Ex. A, para. 9.)***  Moreover, he has no knowledge about Attorney Orlando's father's claims ***(Dkt. 119-1 at 2)*** that the Mayor called Orlando Senior after his firm was retained by Plaintiffs to urge him to refrain from making claims against Powell or his boat.[2]  ***(Ex. A, para 10.)***

Defendants' emergency motion and memorandum do not contain a shred of evidence to contest any of these statements made by Powell under oath in his affidavit. Instead, Attorney Orlando traffics in the kind of innuendo that should be condemned by this Court.

Attorney Orlando compounded the serious errors he made with his initial 'emergency' filing on Thursday, April 9, 2020, when he submitted additional inaccurate

---

2 The news, if believed, that the Mayor urged Orlando & Associates not to pursue a case against Powell puts the lie to Attorney Orlando's entire wacky theory that Powell tried to get Ciarametaro fired for his role in the case and creates a mystery that as yet remains unexplained.  Everyone in Gloucester knows that the Mayor's political base of support is comprised of many in the commercial fishing industry.  If Attorney Orlando knew how the Mayor felt about the case, why on earth would he seek out a member of her administration to testify against a local fisherman – a good Samaritan, no less – on such a controversial topic?  That question should be answered, but it is obvious that the Mayor did not need Phil Powell to urge her to do anything for him as the political benefit to her of her position regarding the case is Politics 101, notwithstanding the fact that she probably thinks the case against Powell is truly tragic.

3

material as a supplemental memorandum to the Court on Friday, August 10, 2020.  ***(Dkt. 125.)***

In that filing, Attorney Orlando unequivocally states that the Massachusetts Lobstermen's Association, Inc. (the "MLA") insures Powell.  ***(Dkt. 125, para 2.)***  This is a blatantly false statement and plainly evident as such from even a cursory glance of the documents associated with this litigation.  ***(See Exhibit B; Affidavit of Kevin F. Gillis, Esq.)***

The document cited by Attorney Orlando shows that the insurer is the MLA Non-Profit Boat Protection Cooperative, Ltd. (the "Cooperative".)   The Cooperative is a Bermuda-based insurance entity that is reinsured by syndicates from Lloyds of London under a program administered by AON Benfield Global Re Specialty.  ***(Ex. B, para. 6.)***

The MLA, as anyone who is remotely familiar with commercial fishing in New England knows, (which, presumably includes Orlando & Associates, a law firm that touts its 40 years of experience in the local maritime industry) is a member-driven organization that advocates for local commercial lobstermen and other fishermen.  It is not an insurer.[3]  In short, the Cooperative and the MLA are two completely separate groups.  ***(Ex. B, para. 7.)***

Attorney Orlando writes that "it is clear that that the City Administration is making these threats to Mr. Ciarametaro at Mr. Powell's request."  How can a responsible officer

---

3 According to its website (www.lobstermen.com), the MLA was established in 1963 by fishermen, for fishermen.  With 1,800 members, it is one of the leading commercial fishing industry associations in New England. The MLA works to maintain both the industry and the resource, strives to be proactive on issues affecting the lobster industry and is active in the management process at both the state and federal levels. The MLA communicates with its members through a monthly newspaper, weekly email, Facebook, Twitter and attendance at meetings. For the past 57 years, the MLA has become a trustworthy voice for the industry on important issues, and is looked to by both the fishing industry and the management community.

4

of this Court make such an unsupported, conclusory allegation?

Attorney Orlando writes that "it appears that Mr. Powell has urged the Mayor of the City of Gloucester to terminate the employment of Thomas Ciarametaro UNLESS he withdraws from this case." This is the definition of character assassination.

Attorney Orlando, without evidence, writes that "Powell has violated the Federal and State witness intimidation statutes and should be swiftly and severely sanctioned for it." Attorney Orlando should be sanctioned for making such irresponsible statements in reckless disregard of the truth.

Since the instant matter was filed in late 2017, the undersigned has heard from many local fishermen from Gloucester to New Bedford and throughout Cape Cod about how unfair it is, in their opinion, that Powell, as a good Samaritan, has been sued for trying to rescue fellow mariners. No fisherman ever said that they had heard about the lawsuit from Powell, or that Powell had requested that they speak out. **(Ex. B, para. 10.)**

After Ciarametaro was identified as Plaintiffs' expert liability witness in this matter, the undersigned heard from another round of fishermen who asked how Ciarametaro could serve in such a role, why he would serve in such a role and what it meant for Powell. No fisherman ever said that they had heard about Ciarametaro's role in the lawsuit from Powell, or that Powell had requested that they speak out. The undersigned never asked any of these fishermen to complain to any person in Gloucester city government about Ciarametaro's role. **(Ex. B, para 11.)**

The irony here is that if Ciarametaro's job as the city's harbormaster is in jeopardy, the roots of his predicament are plain for all to see. Attorney Orlando does not have to do his best imitation of a conspiracy theorist to discern the reason behind Ciarametaro's

5

problems with the Mayor. Why do most people who hear about Ciarametaro's role as a so-called expert witness roll their eyes, scratch their head and echo similar language about "the wrong message?" Well, perhaps because it all seems so obvious to virtually everyone except Ciarametaro and Attorney Orlando. The Mayor has never been shy about expressing her opinion of the case. She apparently did not need to be solicited by anyone.

Moreover, the common themes that frequently pop up (even in the exhibits attached to the motion) as to Ciarametaro is his poor judgment and penchant for pigheadedness. The rap of bad judgment and questionable conduct follow Ciarametaro around like a lapdog.

Ciarametaro has retained an attorney who sent the undersigned an email on Thursday, April 9th and to which the undersigned replied on Friday, April 10th. **(See Exhibit C; Email Correspondence with Liam T. O'Connell, Esq.)** The undersigned's reply to Ciarametaro's attorney makes it clear that Powell refuses to serve as Ciarametaro's diversion and drama or sit idly by while Ciarametaro and Attorney Orlando defame and smear Powell in a cheap play to save face and save his job.

**Conclusion**

The motion for sanctions and other relief requested by Plaintiffs should be denied. Moreover, the Court should order Plaintiffs' counsel to immediately inform his clients that his own deliberate indifference and negligence in choosing an expert has harmed their case before the firm engages in yet another scheme of malpractice coverup.

The unfortunate truth for Ciarametaro is that he holds a public political job where he serves at the pleasure of a city Mayor, and he was hired to moonlight as an expert witness in a private matter by lawyers who knew before they hired him that his boss – the politician, the city Mayor – had urged the lawyers to deep six the case years earlier. The Mayor apparently does not believe that a good Samaritan such as Powell should be sued for risking his own neck on the high seas by trying to rescue fellow mariners. She is the Mayor of one of the greatest fishing ports in the world. She apparently does not believe that this lawsuit is appropriate. Most assuredly, she also does not believe that it is in her or her administration's best public and political interest to have her number one fishing-related appointment, the harbormaster who represents her before the local fishing community, occupy the witness chair as an expert adverse to a local fisherman. What did anyone think was going to eventually befall Ciarametaro? In any event, Powell had nothing to do with anything.

***WHEREFORE, Powell and the Foxy Lady respectfully request that the motion for sanctions be denied.***

The Defendants,
Philip Powell and the F/V Foxy Lady,
By their attorney,

/s/ Kevin F. Gillis

Kevin F. Gillis, Esq. [BBO No.:  567133]
The Law Office of Kevin F. Gillis, Esq.
27 Algonquin Road
Canton, MA 02021-1232
781-326-1112
781-326-1180 (fax)
kgillis@subrogationattorney.com

Dated: April 13, 2020

## *Certificate of Service*

I, Kevin F. Gillis, Esq., hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to counsel for each party on <u>April 13, 2020.</u>

<u>/s/ Kevin F. Gillis</u>
Kevin F. Gillis, Esq.