781-326-1112
781-326-1180 (F)
www.subrogationattorney.com
kgillis@subrogationattorney.com



**From:** Liam T O'Connell <loconnell@fsofirm.com>
**Sent:** Thursday, April 9, 2020 2:44 PM
**To:** kgillis@subrogationattorney.com
**Subject:** Thomas Ciarametaro, Jr.

Dear Attorney Gillis,

As you are aware, this firm represent Thomas Ciarametaro, Jr. This email provides notice to your client, to preserve all electronically stored information, copies and backup, as defined by Rule 34 of the Massachusetts Rules of Civil Procedure, along with any paper files, video recordings, voice/telephone recordings, or other pertinent evidence he maintains, relevant to Thomas Ciarametaro, Jr. (in both his personal capacity and that of Gloucester's Harbormaster) including but not limited to the interactions with the City of Gloucester Mayor's office and Law Department, and any other interactions or communications with any other third-parties or agents related to our client's involvement in expert witness work in his private capacity for Plaintiffs in *Lane, et al. v. United States and Powell, et al.*, U.S.D.C., D. Mass., Docket No. 1:17cv12356-PBS. Our client will be seeking, in discovery, electronic data in your client's custody and control that is relevant to his claims (see our client's affidavit filed today in the aforementioned matter, including without limitation emails, call-logs, call-notes, call recordings, and other information contained on his computer systems, phone systems, cell-phone systems, and any electronic storage systems. Mr. Ciarametaro considers this electronic data, paper files, and video/audio recordings to be valuable and irreplaceable sources of discoverable information relating to this matter.

Mr. Ciarametaro places your client on notice to preserve all documents regarding or related to the above. In addition, Mr. Ciarametaro places your client on notice not to allow the deletion or spoliation of any electronic communications, records, paper records, or video/audio recordings relating to the above.

We are confident that you have already advised your client of this and he has taken steps to preserve this data since it had an obligation to preserve this evidence after you were notified of this issue. Thus, no procedures should have been implemented to alter any active, deleted or fragmented data. Moreover, no electronic data should have been disposed of or destroyed.

Thank you for your attention to this matter.

Very truly yours,

Liam T. O'Connell, Esq.
FARRELL SMITH O'CONNELL
Massachusetts and Rhode Island USA
46 Middle Street, Second Floor
Gloucester, MA 01930
Tel: 978-559-7747
Fax: 978-666-0383
www.fsofirm.com



NOTICE: CONFIDENTIAL AND PRIVILEGED COMMUNICATION: The information in this electronic mail, including any attachments, is sent by or on behalf of an attorney and is intended to be confidential and for the use of the intended recipient only. The information contained in this transmission and any attached documents or previous emails may be protected by the attorney-client privilege, work product doctrine, or otherwise legally privileged. If the reader of this message is not the intended recipient, you are notified that retention, use, dissemination, distribution, or copying of this message or any attachments hereto is strictly prohibited. Interception of electronic mail is a crime pursuant to the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and 2107-2709. If you received this electronic mail in error, please notify us immediately by reply and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**kgillis@subrogationattorney.com**

| | |
|---|---|
| **From:** | kgillis@subrogationattorney.com |
| **Sent:** | Friday, April 10, 2020 1:25 PM |
| **To:** | 'Liam T O'Connell' |
| **Cc:** | 'Joseph Orlando Jr'; 'Chip Payson' |
| **Subject:** | RE: Thomas Ciarametaro, Jr. |
| **Attachments:** | Ciarametaro Instagram.pdf |

Dear Attorney O'Connell,
Thank you for your email yesterday regarding preservation of evidence in connection with my client, Phil Powell, and your client, Thomas Ciarametaro. Kindly allow this acknowledgement to serve as a similar request of your client and reminder of his obligations on the same topic. (More on this below.) I am copying Attorney Payson because you specifically mentioned the city's Law Department in your email and, of course, the basis for copying Attorney Orlando is obvious.
I want to express to you that I consider the recent 'emergency' court filings in Lane, et al. v. Powell, et al., by Attorney Orlando, to be nothing short of outrageous. In my 25+ years of practice, I have never seen such a reckless disregard for the truth based on little more than knee jerk reactions and naked speculation. As a small example, the Massachusetts Lobstermen's Association, Inc., does not insure Mr. Powell, for one thing…but the inaccuracies are legion. To the extent that your client has defamed me or my client, or others, please be informed that I intend to hold him and Mr. Orlando legally responsible. Even assuming he meets the criteria of an 'expert witness,' I do not believe that a litigation privilege will protect either him (or Mr. Orlando) for the false accusations that have already been published.
It is interesting to me that your client, with Mr. Orlando's assistance, has so quickly tried to recast his current trouble with the city as witness tampering or intimidation – as some kind of quid pro quo where my client fears his testimony so much that my client would try to arm twist city leaders into firing him if he testifies. That never happened. I must admit, however, that it is creative. But the fact of the matter is that your client's predicament was thoroughly predictable because he insisted on inserting himself as an expert witness in a matter that Mr. Orlando (if his father's affidavit is believed) knew years ago city leaders did not view as beneficial to the city or fishing community and instead was a matter that sent the wrong message to good Samaritan maritime rescuers the world over. If your client's job is in jeopardy, Mr. O'Connell, it is because city leaders view his judgment as exceedingly poor, not because of anything my client or I have done.
Which brings me to my point above about evidence preservation. The attached photos are from his Instagram page. Searching the internet and social media for information about witnesses is, of course, routine these days. I think it is relevant that he may have violated the Hatch Act in one of the photos, even without the USCG being a party. Moreover, his disgraceful use of Hillary Clinton's likeness behind bars on a machine gun clip is chilling, no matter one's political persuasion. <u>And he is not just wondering why he may have lost the confidence of city officials but goes further and tries to blame my client?</u> The photos are, in my estimation, <u>examples</u> of your client's remarkably bad judgement and I hereby demand that he refrain from deleting or altering any social media sites that he uses.
Thank you.

Kevin F. Gillis, Esq.
The Law Office of Kevin F. Gillis, Esq.
27 Algonquin Road
Canton, MA 02021-1232

1

**Ciarametaro Instagram Photos**



**Ciarametaro Instagram Photos**







2