Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD LANE, RICHARD PALMER, ) <br> and LEA SUTHERLAND-DOANE, ) <br> as ADMIN. ESTATE OF DAVID SUTHERLAND, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> PHILIP POWELL, and F/V FOXY LADY, ) <br>     Defendants. ) | CIVIL ACTION NO.: <br> <u>1:17-CV-12356-PBS</u> |

## AFFIDAVIT OF KEVIN F. GILLIS, ESQ., 
## COUNSEL FOR DEFENDANTS PHILIP POWELL AND F/V FOXY LADY

I, Kevin F. Gillis, Esq., on oath do depose and state under the pains and penalties of perjury that:

1.) I am licensed to practice law in the Commonwealth of Massachusetts and before the United States District Court for the District of Massachusetts.

2.) I am legal counsel to Defendants Philp Powell and the F/V Foxy Lady ("Powell" or "my clients") in the above-noted matter.

3.) The statements made by me in the accompanying Motion to Enforce Settlement Agreement and Memorandum in Support thereof are true and accurate to the best of my personal knowledge and belief. The emails appended or referenced are reproduced or quoted accurately.

4.) Following a few email exchanges, this case was settled by all parties earlier this month with an agreement for Defendants to pay Plaintiffs money in exchange for dismissal of the litigation. There was not much else to the deal.

1

Exhibit A

    Defendants acceded to Plaintiffs' position that the settlement should not include a confidentiality requirement.  Plaintiffs agreed to release Defendants' insurer from their G.L. c. 93A/176D bad faith allegations. All of the essential, material terms were agreed on.  Plaintiffs' counsel provided his law firm's W-9 tax form, and the settlement checks were obtained from the Bermuda insurer.

5.) On May 15th, I sent Attorney Orlando three standard draft releases to review – the releases were to be signed by Attorney Orlando's clients only, as a mutual settlement agreement signed by Powell or his insurer or any other person or entity had not been discussed or anticipated.  On Monday, May 18th, the undersigned requested that Attorney Orlando send back his firm's W-9 tax form, which he did the same day.

6.) On Tuesday morning, May 19th, I sent Attorney Orlando by email a proposed "Notice of Settlement" that was designed to obviate the need for the motion hearings scheduled for May 27th.

7.) Five days after the settlement agreement was reached, Attorney Orlando decided that he wanted a release from future claims to protect himself and his 'expert' witness, the Gloucester harbormaster.  He also made other specific demands designed to protect him and the harbormaster even after the undersigned revised initially proposed releases to make them mutual so that Orlando's *clients* had as much immunity from future litigation as Powell.

Exhibit A

***Signed and sworn to under the penalties of perjury on <u>May 26, 2020</u> by:***

_____

Kevin F. Gillis, Esq. [BBO No.: 567133]

3