# MUTUAL RELEASE OF ALL CLAIMS FOR ALL PARTIES

**I.     PURPOSE**

The purpose of this Mutual Release of All Claims for All Parties is to buy peace from ongoing litigation beginning with Richard Lane et al v. F/V Foxy Lady et al, 1:17-cv-12356-PBS, now pending in the United States District Court for the District of Massachusetts, and including any and all claims arising therefrom, related-thereto, and/or associated therewith, including any claims in admiralty, in law or in equity, any claims for relief pursuant to G.L.s 93A & 176D made by the Plaintiffs and any claims of any sort made by Defendant, through counsel during the course of this litigation as to the Plaintiffs, the Plaintiffs' expert witnesses, and/or Plaintiffs' counsel.

**II.    PARTIES TO THE MUTUAL RELEASE**
1. Richard "Travis" Lane (hereinafter "Lane"), the Plaintiff;
2. Richard Palmer (hereinafter "Palmer"), the Plaintiff;
3. Lea Sutherland-Doane as Representative of the Estate of David Sutherland (hereinafter "Estate"), the Plaintiff;
4. Philip Powell (hereinafter "Powell"), the Defendant;
5. F/V Foxy Lady, the Defendant;
6. Arthur "Sooky" Sawyer, President of the Massachusetts Lobsterman's Association and Treasurer/Director of the M.L.A. Fisheries Services Corp., Massachusetts Lobsterman's Association, M.L.A. Fisheries Services Corp. and M.L.A. Non-Profit Boat Protection Coop, Ltd (hereinafter "MLA" and/or "MLA/affiliates"), the Defendant in G.L. 93a & G.L. 176D case.

**III.   CLAIMS TO BE RELEASED**
    a. Plaintiffs
        i. **Lea Sutherland-Doane as Representative of the Estate of David Sutherland**

The purpose of this document is to terminate, extinguish and eliminate any claim to money or property that any heir, beneficiary, devisee, legatee, descendant, next of kin, or issue, known or unknown, individually or collectively, has, had or may have in the future against the parties released herein with respect to, arising from, or relating to the death of David R. Sutherland ("Sutherland"), including, but not limited to, all claims contained in a civil action known as

*Richard Lane, Richard Palmer, and Lea Sutherland-Doane as Admin. Estate of David Sutherland v. United States of America, Philip Powell and F/V Foxy Lady*, filed as Case 1:17-12356-PBS, in the United States District Court for the District of Massachusetts ("the litigation"), and all claims and demands asserted in a "Demand for Relief Pursuant to G.L. c. 93A and G.L. c. 176D," sent by counsel on behalf of the above-named plaintiffs by letter dated April 10, 2020 ("the 93A/176D claims and demands").

Lea Sutherland-Doane ("Lea") executes this document as the duly appointed Personal Representative of Sutherland's estate, filed as Docket 17P3374EA in the Essex County Probate and Family Court. Additionally, she executes this document for herself and as the authorized representative of Sutherland's heirs, beneficiaries, devisees, legatees, descendants, next of kin, or issue, known or unknown, on an individual basis for claims which may not be legally held by the estate, but which may be held by individual heirs at law or beneficiaries as defined in the Death on the High Seas Act and other federal or state statutes.

For and in sole consideration of the total of **$100,000.00 (ONE HUNDRED THOUSAND DOLLARS AND ZERO CENTS),** the receipt and sufficiency of which is hereby acknowledged, Lea does hereby on behalf of the estate, and Sutherland's heirs, beneficiaries, devisees, legatees, descendants, next of kin, or issue, known or unknown, and anyone claiming by or through any of them (hereinafter collectively referred to as the "Releasors"), fully and forever irrevocably releases and discharges the **MLA Non-Profit Boat Protection Cooperative, Ltd., Massachusetts Lobstermen's Association, Inc., Massachusetts Fishermen Services Corp., Philip Powell and the *F/V Foxy Lady*,** and their respective masters, charterers, owners, captains, crew, officers, directors, stockholders, trustees, beneficiaries, heirs, agents, subsidiaries, parent entities, affiliates, predecessors, successors, insurers, employees, servants, attorneys, assigns, suppliers, distributors, vendors, divisions, representatives, and each of them (hereinafter collectively referred to as the "Released Parties"), together with any and all other persons, firms, corporations, associations, partnerships, or other entities whether herein named or referred to or not, of and from the litigation and the 93A/176D claims and demands (including without limitation the obligation to respond thereto), all suits, actions, causes of action, claims, demands, judgments, executions, damages, losses, rights, costs, fees, liens, and expenses of any kind or description that

2

Releasors had, may have had, now have, or may now or hereafter claim to have, individually or in any collective capacity, which in any way arise from, result from, or in any way relate to an incident ("the incident") at sea that occurred on or about December 3, 2015, involving the *F/V Foxy Lady* and *FV Orin C*.

Lea understands, acknowledges, and agrees that she is signing this Full and Complete General Release and Settlement Agreement on behalf of herself, the estate and Sutherland's heirs, beneficiaries, devisees, legatees, descendants, next of kin, or issue, known or unknown.

Lea hereby agrees to indemnify, hold harmless and defend the Released Parties from and against all suits, actions, causes of action, claims, demands, judgments, executions, damages, losses, rights, costs, fees, liens, and expenses of any kind or description, brought by heirs/issue of David Sutherland and/or any member of the Estate, which in any way arise from, result from, or in any way relate to: (a) the incident; or, (b) the manner in which this settlement was reached, including, but not limited to, the ultimate division of money among the heirs or beneficiaries or claimants and various parties to whom said settlement funds should be paid.

It is understood and agreed that this General Release is a compromise of potential, doubtful, and disputed claims; that the consideration referred to herein and paid hereunder is not and shall not be construed as an admission of liability on the part of any of the Released Parties; that the Released Parties deny all liability; and that this agreement is reached for the purposes of avoiding the expense and uncertainty of litigation and trial. Lea hereby declares and represents that the damages and losses allegedly sustained by the estate and its heirs or beneficiaries are, or may be, uncertain; and, in making this General Release it is understood and agreed that Lea relies wholly upon her own individual judgment and belief as to the nature, extent, effect, and duration of said damages and losses and liability.

Lea expressly waives and assumes the risk of all claims for damages which exist as of this date, but which she does not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and if known, would materially affect her decision to enter this General Release.

Lea further agrees that she has entered this General Release as a complete and final compromise of matters involving disputed issues of fact and law, and that she expressly assumes the risk that the facts and/or law may be other than what she now believes.

Lea further declares and represents: (a) that no promises, inducements, or agreements not herein expressed have been made to her by or on behalf of the Released Parties, and that she has not relied upon any statement or representation made by or on behalf of the Released Parties not expressed herein; (b) that Lea is competent and authorized to execute this General Release; (c) that she has been represented by counsel of her choosing in connection with this General Release; (d) that she has consulted with said counsel regarding this General Release, and that said counsel has read and satisfactorily explained the legal effects of this General Release to her; (e) that she fully understands the contents, meaning, and effect of this General Release; (f) that she is executing this release with respect to claims that are legally held by the estate, as well as those that are not held by the estate per se but that may be held by individual heirs or beneficiaries; (g) that the Released Parties are not responsible for or privy to how the settlement funds will be distributed; (h) that the Released Parties have made no representation or warranty to her as to the tax or other benefits or consequences of this General Release; (i) that she enters into this General Release, and executes it voluntarily and as her own free act and deed; and, (j) that this General Release contains the entire agreement between the parties, and may not be annulled, voided, or modified orally, but only by a signed writing executed by the Released Parties and Lea.

Lea represents, warrants and guarantees that she has not transferred or assigned any rights, causes of action, claims, or any other matters within the scope of this General Release, and that she is the only entity or person with any right to raise or assert such, to enter this General Release, and to receive the sums specified.

Upon the payment of the funds described herein, Lea agrees to instruct her counsel to terminate the litigation by signing and filing a Stipulation of Dismissal with Prejudice without Costs and with all Rights of Appeal Forever Waived in the form attached hereto, or in some form approved by the court.

It is further expressly stipulated and agreed that the terms of this Full and Complete General Release and Settlement Agreement shall be governed in all respects by the law of the

Commonwealth of Massachusetts or, where appropriate, by Federal maritime law.  This document has been executed in duplicate originals.

### ii.  Richard Palmer

The purpose of this document is to terminate, extinguish and eliminate any claim to money or property that Richard T. Palmer ("Palmer") has, had or may have in the future against the parties released herein with respect to, arising from, or relating to an incident at sea that occurred on December 3, 2015 involving the F/V Foxy Lady and F/V Orin C ("the incident"), including, but not limited to, all claims contained in a civil action known as *Richard Lane, Richard Palmer, and Lea Sutherland-Doane as Admin. Estate of David Sutherland v. United States of America, Philip Powell and F/V Foxy Lady*, filed as Case 1:17-12356-PBS, in the United States District Court for the District of Massachusetts ("the litigation"), and all claims and demands asserted in a "Demand for Relief Pursuant to G.L. c. 93A and G.L. c. 176D," sent by counsel on behalf of the above-named plaintiffs by letter dated April 10, 2020 ("the 93A/176D claims and demands").

For and in sole consideration of the total of **$10,000.00 (TEN THOUSAND DOLLARS AND ZERO CENTS),** the receipt and sufficiency of which is hereby acknowledged, Palmer, and anyone claiming by or through him (hereinafter collectively referred to as the "Releasors"), fully and forever irrevocably releases and discharges the **MLA Non-Profit Boat Protection Cooperative, Ltd., Massachusetts Lobstermen's Association, Inc., Massachusetts Fishermen Services Corp., Philip Powell and the *F/V Foxy Lady,*** and their respective masters, charterers, owners, captains, crew, officers, directors, stockholders, trustees, beneficiaries, heirs, agents, subsidiaries, parent entities, affiliates, predecessors, successors, insurers, employees, servants, attorneys, assigns, suppliers, distributors, vendors, divisions, representatives, and each of them (hereinafter collectively referred to as the "Released Parties"), together with any and all other persons, firms, corporations, associations, partnerships, or other entities whether herein named or referred to or not, of and from the litigation and the 93A/176D claims and demands (including without limitation the obligation to respond thereto), all suits, actions, causes of action, claims, demands, judgments, executions, damages, losses, rights, costs, fees, liens, and expenses of any kind or description that Releasors had, may have had, now have, or may now or hereafter claim to have, individually

or in any collective capacity, which in any way arise from, result from, or in any way relate to the incident.

Releasors hereby agree to indemnify, hold harmless and defend the Released Parties from and against all suits, actions, causes of action, claims, demands, judgments, executions, damages, losses, rights, costs, fees, liens, and expenses of any kind or description, brought by his heirs, issue etc., which in any way arise from, result from, or in any way relate to: (a) the incident; or, (b) the manner in which this settlement was reached, including, but not limited to, the ultimate division of money among the plaintiffs to the litigation.

It is understood and agreed that this General Release is a compromise of potential, doubtful, and disputed claims; that the consideration referred to herein and paid hereunder is not and shall not be construed as an admission of liability on the part of any of the Released Parties; that the Released Parties deny all liability; and that this agreement is reached for the purposes of avoiding the expense and uncertainty of litigation and trial. Palmer hereby declares and represents that the damages and losses allegedly sustained by him are, or may be, uncertain; and, in making this General Release it is understood and agreed that Palmer relies wholly upon his own individual judgment and belief as to the nature, extent, effect, and duration of said damages and losses and liability.

Palmer expressly waives and assumes the risk of all claims for damages which exist as of this date, but which he does not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and if known, would materially affect his decision to enter this General Release.

Palmer further agrees that he has entered this General Release as a complete and final compromise of matters involving disputed issues of fact and law, and that he expressly assumes the risk that the facts and/or law may be other than what he now believes.

Palmer further declares and represents: (a) that no promises, inducements, or agreements not herein expressed have been made to him by or on behalf of the Released Parties, and that he has not relied upon any statement or representation made by or on behalf of the Released Parties not expressed herein; (b) that Palmer is competent and authorized to execute this General Release; (c) that he has been represented by counsel of his choosing in connection

with this General Release; (d) that he has consulted with said counsel regarding this General Release, and that said counsel has read and satisfactorily explained the legal effects of this General Release to him; (e) that he fully understands the contents, meaning, and effect of this General Release; (f) that the Released Parties have made no representation or warranty to him as to the tax or other benefits or consequences of this General Release; (g) that he enters into this General Release, and executes it voluntarily and as his own free act and deed; and, (h) that this General Release contains the entire agreement between the parties, and may not be annulled, voided, or modified orally, but only by a signed writing executed by the Released Parties and Palmer.

Palmer represents, warrants and guarantees that he has not transferred or assigned any rights, causes of action, claims, or any other matters within the scope of this General Release, and that he is the only entity or person with any right to raise or assert such, to enter this General Release, and to receive the sums specified.

Upon the payment of the funds described herein, Palmer agrees to instruct his counsel to terminate the litigation by signing and filing a Stipulation of Dismissal with Prejudice without Costs and with all Rights of Appeal Forever Waived in the form attached hereto, or in some form approved by the court.

It is further expressly stipulated and agreed that the terms of this Full and Complete General Release and Settlement Agreement shall be governed in all respects by the law of the Commonwealth of Massachusetts or, where appropriate, by Federal maritime law. This document has been executed in duplicate originals.

### iii. Richard "Travis" Lane

The purpose of this document is to terminate, extinguish and eliminate any claim to money or property that Richard T. Lane ("Lane") has, had or may have in the future against the parties released herein with respect to, arising from, or relating to an incident at sea that occurred on December 3, 2015 involving the F/V Foxy Lady and F/V Orin C ("the incident"), including, but not limited to, all claims contained in a civil action known as *Richard Lane, Richard Lane, and Lea Sutherland-Doane as Admin. Estate of David Sutherland v. United States of America, Philip Powell and F/V Foxy Lady*, filed as Case 1:17-12356-PBS, in the United States District Court for the District of Massachusetts ("the litigation"), and all claims and demands asserted

in a "Demand for Relief Pursuant to G.L. c. 93A and G.L. c. 176D," sent by counsel on behalf of the above-named plaintiffs by letter dated April 10, 2020 ("the 93A/176D claims and demands").

For and in sole consideration of the total of **$10,000.00 (TEN THOUSAND DOLLARS AND ZERO CENTS),** the receipt and sufficiency of which is hereby acknowledged, Lane, and anyone claiming by or through him (hereinafter collectively referred to as the "Releasors"), fully and forever irrevocably releases and discharges the **MLA Non-Profit Boat Protection Cooperative, Ltd., Massachusetts Lobstermen's Association, Inc., Massachusetts Fishermen Services Corp., Philip Powell and the *F/V Foxy Lady*,** and their respective masters, charterers, owners, captains, crew, officers, directors, stockholders, trustees, beneficiaries, heirs, agents, subsidiaries, parent entities, affiliates, predecessors, successors, insurers, employees, servants, attorneys, assigns, suppliers, distributors, vendors, divisions, representatives, and each of them (hereinafter collectively referred to as the "Released Parties"), together with any and all other persons, firms, corporations, associations, partnerships, or other entities whether herein named or referred to or not, of and from the litigation and the 93A/176D claims and demands (including without limitation the obligation to respond thereto), all suits, actions, causes of action, claims, demands, judgments, executions, damages, losses, rights, costs, fees, liens, and expenses of any kind or description that Releasors had, may have had, now have, or may now or hereafter claim to have, individually or in any collective capacity, which in any way arise from, result from, or in any way relate to the incident.

Releasors hereby agree to indemnify, hold harmless and defend the Released Parties from and against all suits, actions, causes of action, claims, demands, judgments, executions, damages, losses, rights, costs, fees, liens, and expenses of any kind or description, brought by his heirs, issue, etc. which in any way arise from, result from, or in any way relate to: (a) the incident; or, (b) the manner in which this settlement was reached, including, but not limited to, the ultimate division of money among the plaintiffs to the litigation.

It is understood and agreed that this General Release is a compromise of potential, doubtful, and disputed claims; that the consideration referred to herein and paid hereunder is not and shall not be construed as an admission of liability on the part of any of the Released Parties;

that the Released Parties deny all liability; and that this agreement is reached for the purposes of avoiding the expense and uncertainty of litigation and trial. Lane hereby declares and represents that the damages and losses allegedly sustained by him are, or may be, uncertain; and, in making this General Release it is understood and agreed that Lane relies wholly upon his own individual judgment and belief as to the nature, extent, effect, and duration of said damages and losses and liability.

Lane expressly waives and assumes the risk of all claims for damages which exist as of this date, but which he does not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and if known, would materially affect his decision to enter this General Release.

Lane further agrees that he has entered this General Release as a complete and final compromise of matters involving disputed issues of fact and law, and that he expressly assumes the risk that the facts and/or law may be other than what he now believes.

Lane further declares and represents: (a) that no promises, inducements, or agreements not herein expressed have been made to him by or on behalf of the Released Parties, and that he has not relied upon any statement or representation made by or on behalf of the Released Parties not expressed herein; (b) that Lane is competent and authorized to execute this General Release; (c) that he has been represented by counsel of his choosing in connection with this General Release; (d) that he has consulted with said counsel regarding this General Release, and that said counsel has read and satisfactorily explained the legal effects of this General Release to him; (e) that he fully understands the contents, meaning, and effect of this General Release; (f) that the Released Parties have made no representation or warranty to him as to the tax or other benefits or consequences of this General Release; (g) that he enters into this General Release, and executes it voluntarily and as his own free act and deed; and, (h) that this General Release contains the entire agreement between the parties, and may not be annulled, voided, or modified orally, but only by a signed writing executed by the Released Parties and Lane.

Lane represents, warrants and guarantees that he has not transferred or assigned any rights, causes of action, claims, or any other matters within the scope of this General Release, and that

he is the only entity or person with any right to raise or assert such, to enter this General Release, and to receive the sums specified.

Upon the payment of the funds described herein, Lane agrees to instruct his counsel to terminate the litigation by signing and filing a Stipulation of Dismissal with Prejudice without Costs and with all Rights of Appeal Forever Waived in the form attached hereto, or in some form approved by the court.

It is further expressly stipulated and agreed that the terms of this Full and Complete General Release and Settlement Agreement shall be governed in all respects by the law of the Commonwealth of Massachusetts or, where appropriate, by Federal maritime law. This document has been executed in duplicate originals.

    b. **Defendants**
        i. **Philip Powell & F/V Foxy Lady**

I, Philip Powell, being of full age, on behalf of myself and the F/V Foxy Lady, the Defendants in Richard Lane et al v. Philip Powell et al, Civil Action No. 1:17-cv-12356-PBS, now pending in the United States District Court in the District of Massachusetts, hereby release and forever discharge Richard "Travis" Lane, Richard Palmer, Lea Sutherland-Doane as Representative of the Estate of David Sutherland, the Plaintiffs in the above-referenced civil action, as well as their attorney, Joseph M. Orlando, Jr., Esq. and all other attorneys/agents of Orlando & Associates as attorneys for Lane, Palmer and the Estate of any and all claims, actions, suits of every name and nature, whether in admiralty, in law or in equity, from the beginning of time to the date of the signing of this release, including, but not limited to any claims associated-with, arising-out-of, or related-to Richard Lane et al v. Philip Powell et al, 1:17-cv-12356-PBS, especially any claims for defamation threatened by counsel for the Defendant, Kevin Gillis, Esq. in emails dated May 8, 2020; April 30, 2020; April 29, 2020; April 10, 2020; April 9, 2020; and April 8, 2020 (and any other such threats made in any other pleadings or communications whether written or oral), and expressly waives and assumes the risk of all claims for damages which exist as of this date, but which he does not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and if known, would materially affect his decision to enter this General Release.

Powell on behalf of himself and F/V Foxy Lady understands that the purpose of this release is to buy peace from ongoing and any planned litigation and to put an end to the hostilities by and between the parties, expert witnesses, attorneys and insurers in the above refenced action. He agrees that should any portion of this release be deemed unlawful by a court of competent jurisdiction that the remainder of this release will remain in full force and effect; that the terms of this release shall be governed by the applicable laws of the Commonwealth of Massachusetts.

Powell hereby agree to indemnify, hold harmless and defend Lane, Palmer and the Estate from and against all suits, actions, causes of action, claims, demands, judgments, executions, damages, losses, rights, costs, fees, liens, and expenses of any kind or description, brought by his agents, heirs, issue, etc. which in any way arise from, result from, or in any way relate to: (a) the incident; or, (b) the manner in which this settlement was reached, including, but not limited to, the split between personal assets and funds from his insurance policy.

Powell agrees (a) that no promises, inducements, or agreements not herein expressed have been made to him by or on behalf of the Released Parties, and that he has not relied upon any statement or representation made by or on behalf of the Released Parties not expressed herein; (b) that Powell is competent and authorized to execute this General Release; (c) that he has been represented by counsel of his choosing in connection with this General Release; (d) that he has consulted with said counsel regarding this General Release, and that said counsel has read and satisfactorily explained the legal effects of this General Release to him; (e) that he fully understands the contents, meaning, and effect of this General Release; (g) that he enters into this General Release, and executes it voluntarily and as his own free act and deed; and, (h) that this General Release contains the entire agreement between the parties, and may not be annulled, voided, or modified orally, but only by a signed writing executed by the parties.

### ii. Arthur "Sooky" Sawyer and M.L.A/affiliates

I, Arthur "Sooky" Sawyer individually and as President and on behalf of the Massachusetts Lobsterman's Association, as Treasurer/Director and on behalf of M.L.A. Fisheries Services Corp. and on behalf of our affiliate, M.L.A. Boat Protection Coop, Ltd., the insurer for the Defendant, Philip Powell and F/V Foxy Lady in Richard Lane et al v. Philip Powell et al, Civil Action No. [1:17-cv-12356-PBS](1:17-cv-12356-PBS), now pending in the United States

District Court in the District of Massachusetts, being of full age and having full authority hereby release and forever discharge Richard "Travis" Lane, Richard Palmer, Lea Sutherland-Doane as Representative of the Estate of David Sutherland, the Plaintiffs in the above-referenced civil action, as well as their attorney, Joseph M. Orlando, Jr., Esq. and all other attorneys/agents of Orlando & Associates as attorneys for Lane, Palmer and the Estate of any and all claims, actions, suits of every name and nature, whether in admiralty, in law or in equity, from the beginning of time to the date of the signing of this release, including, but not limited to any claims associated-with, arising-out-of, or related-to Richard Lane et al v. Philip Powell et al, 1:17-cv-12356-PBS, especially any claims for defamation threatened by Kevin Gillis, Esq., counsel for the Defendant(Philip Powell and F/V Foxy Lady) and any other such claims considered, planned, or threatened, whether made in any pleadings or communications, written or oral.

I understand that the purpose of this release is to buy peace from ongoing litigation and any planned litigation, and to put an end to the hostilities by and between the parties, expert witnesses, attorneys, insurers and other representatives in the above refenced action. I agree that should any portion of this release be deemed unlawful by a court of competent jurisdiction that the remainder of this release will remain in full force and effect; that the terms of this release shall be governed by the applicable laws of the Commonwealth of Massachusetts.

Sawyer and M.L.A./Affiliates hereby agree to indemnify, hold harmless and defend Lane, Palmer and the Estate from and against all suits, actions, causes of action, claims, demands, judgments, executions, damages, losses, rights, costs, fees, liens, and expenses of any kind or description, brought by any agent, officer, director, member, associate or affiliate of the M.L.A., MLA Fisheries Services Corp. or MLA Boat Protection Coop, Ltd., including Powell and F/V Foxy Lady, which in any way arise from, result from, or in any way relate to: (a) the incident; or, (b) the manner in which this settlement was reached, including, but not limited to, the split between Powell's personal assets and funds from the insurance policy.

Sawyer and M.L.A/affiliates agree (a) that no promises, inducements, or agreements not herein expressed have been made to them by or on behalf of the Released Parties, and that they have not relied upon any statement or representation made by or on behalf of the Released Parties not expressed herein; (b) that they are competent and authorized to execute

this General Release; (c) that they have been represented by counsel of their choosing in connection with this General Release; (d) that they have consulted with said counsel regarding this General Release, and that said counsel has read and satisfactorily explained the legal effects of this General Release to them; (e) that they fully understand the contents, meaning, and effect of this General Release; (g) that they enter into this General Release, and executes it voluntarily and of their own free act and deed; and, (h) that this General Release contains the entire agreement between the parties, and may not be annulled, voided, or modified orally, but only by a signed writing executed by the parties.

**IV.     COUNTERPARTS, ELECTRONIC SIGNATURES, AND FACSIMILE SIGNATURES**

The parties agree that in order to make executing this release by all parties more practical and efficient that it may be signed in counterparts, so that if one party signs one copy and another party signs another copy, the documents shall be read together as if both parties signed the same copy. The Parties also agree that electronic and facsimile signatures shall suffice as original signatures for the purposes of the execution of this document and to effectuate a more-timely execution and complete resolution of all claims.

**V.     SIGNATURES**

**IN WITNESS WHEREOF**, I have hereunto set my hands and seal this _____ day of _____ _____, 2020.

**SIGNED AND SEALED BY**:

      Richard T. Lane                                                               

           Name                                 Signature

**IN WITNESS WHEREOF**, I have hereunto set my hands and seal this _____ day of _____ _____, 2020.

**SIGNED AND SEALED BY**:

      Richard T. Palmer                                                

           Name                                 Signature

**IN WITNESS WHEREOF**, I have hereunto set my hands and seal this _____ day of _____ _____, 2020.

**SIGNED AND SEALED BY**:

      Lea Sutherland-Doane

            Name                                   Signature

**IN WITNESS WHEREOF**, I have hereunto set my hands and seal this _____ day of _____, 2020.

**SIGNED AND SEALED BY**:

Philip Powell and F/V Foxy Lady

            Name                                   Signature

**IN WITNESS WHEREOF**, I have hereunto set my hands and seal this _____ day of _____, 2020.

**SIGNED AND SEALED BY**:

Arthur "Sooky" Sawyer & MLA/Affiliates

            Name                                   Signature

## VI. ATTORNEYS' CERTIFICATION

I, Joseph M. Orlando, Jr., Esq., do hereby certify that this Full and Complete Full and Complete Mutual Release of all Claims was executed by my clients, Richard "Travis" Lane, Richard Palmer, and Lea Sutherland-Doane, Individually and as Personal Representative of the Estate of David R. Sutherland and as Authorized Representative of Beneficiaries under federal and state statutes, and that they acknowledged to me that they fully understood the contents and meaning thereof.

Signature: _____

Dated: _____

I, Kevin Gillis, Esq., do hereby certify that this Full and Complete Mutual Release of all Claims was executed by my clients, Philip Powell on behalf of himself and the F/V Foxy Lady, and that they acknowledged to me that they fully understood the contents and meaning thereof.

Signature: _____

Dated: _____

I, William Moriarty, Esq., do hereby certify that this Full and Complete Mutual Release of all Claims was executed by my clients, Arthur Sawyer for himself and as the representative of the Massachusetts Lobsterman's Association, MLA Fisheries Services Corp., and MLA Boat Protection Coop., Ltd. and that he acknowledged to me that he and the rest of the officers and directors understood the contents and meaning thereof.

Signature:_____

Dated:_____