UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Travis Lane, | ) | |
| Richard Palmer, and | ) | |
| Lea Sutherland-Doane, | ) | |
| as Adm. Estate of David Sutherland, | ) | |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:17 CV 12356-PBS |
| United States of America | ) | |
| Philip Powell, and | ) | |
| F/V Foxy Lady, | ) | |
| Defendants | ) | |

**PLAINTIFF, RICHARD PALMER'S MOTION TO COMPEL DEFENDANT TO COMPLY WITH THE COURT'S ORDER (Doc. 159) BY PAYING $10,000 AND SIGNING THE RELEASE AS ORDERED ON JUNE 19, 2020 –**
*AND*
**MOTION FOR SANCTIONS & COSTS AGAINST THE DEFENDANTS' INSURER AND ATTORNEY FOR VIOLATION OF THE COURT'S ORDER (Doc. 159)**

NOW COMES PLAINTIFF, RICHARD PALMER in this Motion to Compel the Defendant to Comply with the Court's Order (Doc. 159) and his incorporated Motion for Sanctions and Costs for violation of that order. In support thereof, the Plaintiff, Richard Palmer, submits the following for the Court's consideration.

I.      **Procedural Background**

1. On June 19, 2020, the Court issued an order (Doc.159) enforcing settlement upon motion by the Defense (Doc.144);

2. The order reads (in pertinent part):

    *"The terms of the settlement are as follows: (1) Defendants shall pay…$10,000 to Richard Palmer; (2) Parties shall sign a full and complete release of all present claims, as well as potential 93A/176D claims against Defendants' insurer; (3) No confidentiality provision shall be included in the release."*

3. Unlike his co-Plaintiffs, Richard Palmer had decided NOT to pursue the appeal;

4. This was communicated to Kevin Gillis, Esq. on 7/7/2020 via email (Exhibit A);

> *Mr. Gillis:*
>
> *Mr. Palmer has elected not to go forward with the appeal. Per the Court's order,*
> *please find a release executed by Mr. Palmer attached. Once received, please*
> *have your client execute it and send the fully executed release back with the*
> *$10,000 check made payable to "Richard Palmer and Orlando & Associates as*
> *his attorneys." Thank you for your prompt attention to this matter.*
> *Regards,*
>
> *Joseph M. Orlando, Jr., Esq.*

5. Attached to the email of 7/7/2020 was a release which comported completely with the Court's order, signed by Mr. Palmer (Release attached as Exhibit B);

6. Mr. Gillis responded on 7/7/2020 by stating, in unequivocal terms that, *"I am not satisfied with the release you drafted, so I will be sending a different one to you for your client to sign."* (Exhibit C)

7. A full week later and Mr. Gillis has yet to provide the settlement funds, nor the signed release.

## II.    ARGUMENT

Defense Counsel continues the Defense's bad faith activity. This time, beyond the criminal misconduct of the Defendants' insurer, the Defense is openly defying the order of this court enforcing settlement. In stunning contradiction to his Motion to Enforce Settlement (Doc. 144)[1], wherein Mr. Gillis asserts that all essential/materials terms of settlement have been agreed-to via email and that the language of the release is NOT material (as the Plaintiffs have argued in opposition and in open court), Mr. Gillis now asserts that he "is not satisfied" with the language of the release ordered by the Court and the defense refuses to comply with the Court order.

The Court's order instructed the <u>parties</u> to sign release that released <u>all present claims</u> in the instant action to be signed by all parties, including release of the <u>93A/176D claims</u> in the state court. Despite the undersigned's legal objections on behalf of the co-Plaintiffs (Lane and the Estate of Sutherland), Mr. Palmer has elected to put an end to his involvement in this case. So, the undersigned drafted a release that comports <u>completely</u> with the Court's order and the

---

[1] And his arguments in open Court on June 11, 2020

Defense refuses to pay the money and sign the release as ordered by the Court, forcing the undersigned to file yet another motion.

This motion seeks to compel the Defendant to act in good faith, pay the money and have the defendants sign the release. Failure to do so is in open defiance of the Court's order and should be sanctioned. The Courts order applies to all parties.

The Court has the inherent power to sanction or tax costs upon a party for abuse of the judicial process. The Court also has the power to sanction an attorney for misrepresentations in pleadings. Kevin Gillis asserted that the language in a release was NOT a material term of settlement in his motion to enforce (Doc. 144). The Court then enforced settlement and now he demands specific language satisfactory to him before paying the $10,000 to Mr. Palmer.

The Defendants' position is so contradictory to their previous position and so violative of the Court's order that the only equitable action the Court can take to remedy this issue is to compel the payment of the money and the signing of the release (Exhibit B) by the Defendants AND to sanction defense counsel and the insurer for violation of the Court's order.

### III.    CONCLUSION

Based on the foregoing, inclusive of the associated memorandum of law and all exhibits, the Plaintiff, Richard Palmer, requests of this Honorable Court to
rule as follows:

1) To Compel the Defendants to sign the release and pay the $10,000;

2) To tax costs against the Defense for forcing the Plaintiff, Richard Palmer, through counsel to file this motion to compel compliance with the Court's order (Doc. 159); and

3) To sanction the Defendant's counsel and insurer for their willful defiance of the Court's order in a amount deemed appropriate by the Court.

Plaintiffs,
By their attorney,


___/s/ Joseph M. Orlando, Jr., Esq.___
Joseph M. Orlando, Jr., Esq.

BBO# 680995
ORLANDO & ASSOCIATES
One Western Avenue
Gloucester, MA 01930
Ph. (978) 283-8100
Fx. (978) 283-8507
Jmorlandojr@orlandoassociates.com

Certificate of Service

I, Joseph M. Orlando, Jr., Esq. hereby certify that
this document(s) filed through the ECF system will
be sent electronically to the registered participants
as identified in the Notice of Electronic Filing and
paper copies will be sent to counsel for each party
on July 15, 2020.

/s/ Joseph M. Orlando, Jr., Esq.
Joseph M. Orlando, Jr., Esq.