UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Travis Lane,                                          ) | |
| Richard Palmer, and                          ) | |
| Lea Sutherland-Doane,                      ) | |
| as Adm. Estate of David Sutherland, ) | |
|     Plaintiffs                                     ) | |
| v.                                                         ) | |
|                                      ) | Civil Action No. 1:17 CV 12356-PBS |
| United States of America              ) | |
| Philip Powell, and                         ) | |
| F/V Foxy Lady,                              ) | |
|     Defendants                               ) | |

### PLAINTIFF, RICHARD PALMER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO COMPEL AND MOTION FOR SANCTIONS/COSTS

      The Court has the "inherent power to sanction parties for litigation abuses."[1] This is so because the Court has "the obligation to assure the proper conduct of proceedings in his or her court," so a trial judge must "retain the power to comment, sternly when necessary on a lawyer's performance."[2] That language was from the Honorable Judge Patti B. Saris from *Big Top USA* case decided in 1998. The Court elected to dismiss the action based on a motion for Rule 37 sanctions for lack of compliance with Court orders.

      The Court also has the "inherent power" to impose fees and costs against a party for "abuse of the judicial process."[3] Courts may also "use sanctions in cases involving bad faith that cannot be otherwise reached by rules or statutes."[4] The case citations on the imposition of fees and costs comes from the Honorable Judge Patti B. Saris from *Trustees of BU* case decided in July of 2019. The Court imposed fees against Plaintiff's counsel for threatening and harassing emails in the matter.

---

[1] John's Insulation, Inc. v. L. Addison and Assoc., Inc., 156 F.3d 101, 108 (1st Cir. 1998); cited from Big Top USA, Inc. v. Wittern Group, 183 F.R.D. 331, 1998 U.S. Dist. LEXIS 18934, 43 Fed. R. Serv. 3d (Callaghan) 158

[2] In re Lawrence G. Williams, 156 F.3d 86, 92 (1st Cir. 1998) cited from Big Top USA, Inc. v. Wittern Group, 183 F.R.D. 331, 1998 U.S. Dist. LEXIS 18934, 43 Fed. R. Serv. 3d (Callaghan) 158

[3] Amsted Indus. Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 378 (Fed. Cir. 1994)), cited from Trs. of Boston Univ. v. Everlight Elecs. Co., 392 F. Supp. 3d 120, 2019 U.S. Dist. LEXIS 120414

[4] Id.; see also iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1380 (Fed. Cir. 2011) (stating that "a court can invoke its inherent power to award such fees in exceptional cases based upon a finding of bad faith").

      This Court has also sanctioned counsel (specifically Keith Miller, Esq.) for willful misrepresentations within pleadings in an order dated July 8, 2019[5]. Miller was sanctioned for representing to the Court that he wasn't given proper notice of a ZBA hearing, when in fact, he had been given said notice in writing. He was sanctioned under rule 11.

Plaintiffs,
By their attorney,


/s/ Joseph M. Orlando, Jr., Esq.
Joseph M. Orlando, Jr., Esq.
BBO# 680995
ORLANDO & ASSOCIATES
One Western Avenue
Gloucester, MA 01930
Ph. (978) 283-8100
Fx. (978) 283-8507
Jmorlandojr@orlandoassociates.com

Certificate of Service

I, Joseph M. Orlando, Jr., Esq. hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to counsel for each party on July 15, 2020.

/s/ Joseph M. Orlando, Jr., Esq.
Joseph M. Orlando, Jr., Esq.

---

[5] Miller v. SBA Towers V, LLC, 391 F. Supp. 3d 123, 2019 U.S. Dist. LEXIS 112312, 104 Fed. R. Serv. 3d (Callaghan) 338